IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDOL THOMAS, individually and on behalf of a class of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SAN DIEGO SIGN COMPANY, INC. dba WS DISPLAY,<br><br>    Defendant. | Civil Action No. _____<br><br>*Electronically Filed* |

## CLASS ACTION COMPLAINT

Plaintiff Randol Thomas ("Plaintiff" or "Mr. Thomas"), in his individual capacity, and on behalf of a proposed class of similarly situated Black / African American prospective employees, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and 42 U.S.C. §1981 ("Section 1981") to correct unlawful employment practices and to provide appropriate relief to a class of Black / African American applicants who were adversely affected by such practices. As alleged with greater particularity below, Mr. Thomas alleges that Defendant San Diego Sign Company, Inc. dba WS Display ("Defendant" or "WS") has engaged in discrimination against a class of Black / African American applicants at its location on Pine Hill Drive in Carlisle, Pennsylvania, by failing or

refusing to hire them because of their color and/or race since at least 2019. Based on his personal knowledge with regard to Defendant's actions, and on information and belief as to all other matters, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this suit pursuant to Title VII, Section 1981, and 28 U.S.C. § 1331.

2. Venue is proper in this District pursuant to 28 U.S.C § 1391(b). The unlawful employment practices complained of *infra* took place within this District and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. Further, WS regularly transacts substantial business within this District.

## ADMINISTRATIVE PROCEEDINGS

3. On or about November 8, 2022, Mr. Thomas filed a Charge of Discrimination, designated as a class action, with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge No. 530-2022-05722, alleging race and color discrimination against WS.

4. Mr. Thomas's charge was dual filed with the Pennsylvania Human Relations Commission.[1]

---

[1] Mr. Thomas intends on amending his Complaint to add claims under the Pennsylvania Human Relations Act when those claims become ripe for filing, on or about November 8, 2023.

2

5. Mr. Thomas has been advised of his right, individually and on behalf of all others similarly situated, to bring a civil action by receiving a Notice of Right to Sue from the EEOC on or about December 22, 2022.

6. Mr. Thomas has exhausted the administrative remedies available to him, and all others similarly situated, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## PARTIES

7. Plaintiff Randol Thomas is a Black / African American adult male residing at 300 Juniper Street, Carlisle, Cumberland County, Pennsylvania 17013.

8. Defendant WS is a California corporation with a home office address of 5960 Pascal Court, Carlsbad, California 92008.

9. At all relevant times, WS maintained a business location at 6 Pine Hill Drive, Carlisle, Cumberland County, Pennsylvania 17013.

10. WS specializes in wholesale portable trade show displays, banner stands and large format digital printing, and employes approximately 93 employees between its locations in California and Pennsylvania.

11. At all relevant times, WS has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

12. On or about May 14, 2022, Mr. Thomas applied to a job announcement for a Print Operator Associate posted on Indeed.com for WS at its location in Carlisle, Pennsylvania.

13. The requirements posted for the position were a high school diploma, and no prior print experience was needed.

14. Mr. Thomas later received an email from WS's Indeed account stating, "Thank you for applying to the Print Operator Associate position at WS Display. Unfortunately, WS Display has moved on to the next step in the hiring process and your application was not selected at this time."

15. After receiving the rejection email from WS, Mr. Thomas later learned that the position had not been filled and that WS was still interviewing candidates.

16. Mr. Thomas also learned that WS's hiring manager, Chief Operating Officer Zachary Miller, had been advised that Mr. Thomas was Black / African American prior to rejecting Mr. Thomas's application.

17. Mr. Thomas later learned that the position he had applied for was ultimately filled several weeks later by a White / Caucasian candidate with far less qualifications and work experience than Mr. Thomas, who was discharged two weeks after being hired.

18. WS again filled the role with another White / Caucasian applicant who was less qualified than Mr. Thomas.

19. Mr. Thomas was never contacted for an interview despite his qualifications, which includes a Bachelor's degree in Communications and significant work experience managing programs.

20. Upon information and belief, there are no Black / African American employees working at WS, which employs approximately 93 individuals at its locations in California and Pennsylvania.

21. Mr. Thomas asserts Count I of this Complaint, on behalf of himself individually and a class of similarly situated Black / African American employees, for violations of Title VII.

22. Mr. Thomas asserts Count II of this Complaint, on behalf of himself individually and a class of similarly situated Black / African American employees, for violations of Section 1981.

23. Mr. Thomas seeks to recover damages for a class of similarly situated Black / African American prospective employees of WS in Pennsylvania, including, but not limited to back pay, front pay, liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation.

## **STATEMENT OF CLAIMS**

24. Since at least 2019, WS has engaged in unlawful employment practices at its location in Carlisle, Pennsylvania in violation of Section 703(a)(1) and (2) of Title VII, 42 U.S.C. §2000e-2(a)(1) and (2), and Section 1981 by failing or refusing to hire Black / African American applicants because of their color and/or race, including Mr. Thomas.

25. Evidence of this unlawful practice, implemented by Chief Operating Officer Zachary Miller and Human Resources Representative Hazel Thompson, and enforced by other managers in the workplace such as Harry Santiago includes, for example,

    a) screening qualified Black / African American candidates based on their color and/or race in order to not offer said applicants employment or interview opportunities;

    b) refusing to offer Mr. Thomas an opportunity to interview for the position of Print Operator Associate after Mr. Miller was advised by another employee, Dan Strayer, that Mr. Thomas was Black / African American;

    c) referring to an African American temp worker as a "dumb ass nigger".

    d) only offering jobs in the print room to Caucasian individuals;

  e)  only offering jobs in the warehouse to Hispanic individuals;

  f)  refusing to directly hire any Black / African American individuals who were assigned to work for WS through a temporary staffing agency, while other temporary workers were hired directly by WS;

  g)  failing to employ one Black / African American individual in a company of almost 100 employees; and

  h)  terminating an employee, Alden Myers, after Mr. Myers made a good faith report to WS's management about discriminatory hiring practices.

26. The effect of the practices complained of in paragraph 25 has been to deprive a class of Black / African American applicants of equal employment opportunities and otherwise adversely affect their status of applicants because of their color and/or race.

27. The unlawful employment practices complained of in paragraph 25 were intentional.

28. The unlawful employment practices complained of in paragraph 25 were done with malice or with reckless indifference to the federally protected rights of a class of Black / African American applicants.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

29. WS has engaged in systemic color and race discrimination against Black / African American job applicants to its location in Carlisle, Pennsylvania.

30. Mr. Thomas re-alleges and incorporates by reference each and every allegation in the previous paragraphs alleging systemic color and race discrimination.

31. Mr. Thomas brings the Title VII and Section 1981 statutory claims pursuant to Fed. R. Civ. P. 23 on behalf of a class (the "Class") defined as:

> All Black and/or African American individuals who have applied for employment with Defendant San Diego Sign Company, Inc. dba WS Display to work at its facility in Carlisle, Pennsylvania, and/or who worked at WS as temporary workers through a placement agency and were denied permanent, direct employment with WS during the applicable limitations period up until this Class is finally certified by the Court.

32. Mr. Thomas seeks to represent all Black and/or African American individuals, as described above, who were denied employment opportunities with WS because of their color and/or race. The systemic discrimination described in this Complaint has been, and is, continuing in nature.

33. The Class as defined above is identifiable. Mr. Thomas is a member of the Class.

34. The Class, upon information and belief, consists of at least dozens of individuals, and is thus so numerous that joinder of all members is impracticable.

35. There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual

members of the Class. The predominating common questions include, but are not limited to:

    a.    Whether WS unlawfully denied employment opportunities and continues to unlawfully deny employment opportunities to Black / African American applicants and/or temporary workers on the basis of their color and/or race;

    b.    Whether WS's policy, practice, or procedure of denying employment opportunities on the basis of color and/or race violates the applicable provisions of Title VII;

    c.    Whether WS's policy, practice, or procedure of denying employment opportunities on the basis of color and/or race was willful within the meaning of Title VII;

    d.    Whether WS's policy, practice, or procedure of denying employment opportunities on the basis of color and/or race violates the applicable provisions of Section 1981.

36.    The prosecution of the separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendant, within the meaning of Fed. R. Civ. P. 23(b)(1)(A).

37. The claims of Mr. Thomas are typical of the claims of each member of the Class, within the meaning of Fed. R. Civ. P. 23(a)(3) and are based on and arise out of identical facts constituting the wrongful conduct of Defendant.

38. Mr. Thomas will fairly and adequately protect the interests of the Class. Mr. Thomas and the Class have retained counsel experienced and competent and experienced in litigating class actions, as well as other complex employment litigation.

39. Mr. Thomas has no conflict of interest with the Class.

40. Mr. Thomas is able to fairly and adequately represent and protect the interests of the members of the Class.

41. The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

42. There are no unusual difficulties in the management of this case as a class action.

43. The books and records of Defendant are material to this litigation as they disclose information regarding job applicants, including information specific

to the unlawful color and/or race discrimination experienced by members of the Class.

44. Mr. Thomas's Title VII and Section 1981 claims should be certified as a class action pursuant to Federal Rule of Civil Procedure 23.

## COUNT I
## (INVIDUAL AND CLASS CLAIM)

**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),
42 U.S.C. § 2000e, *et seq*.
COLOR AND RACE -BASED DISCRIMINATION
(Asserted by Mr. Thomas and the Class Against Defendant)**

45. Mr. Thomas re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

46. This Count is brought on behalf of Mr. Thomas and all members of the Class against WS.

47. WS is an employer within the meaning of Title VII.

48. WS has discriminated against Mr. Thomas and the members of the Class by refusing to hire them because of their skin color, Black, and/or race, African American.

49. The foregoing conduct constitutes a willful violation of Title VII.

50. As a result of WS's unlawful conduct, Mr. Thomas and the members of the Class suffered and will continue to suffer harm, including, but not limited to,

lost earnings, lost benefits, lost future employment opportunities, and other financial losses, as well non-economic damages.

51. Mr. Thomas and the members of the Class are entitled to all legal and equitable remedies available for violations of Title VII, including, but not limited to, back pay, front pay, compensatory and punitive damages, pre-judgment and post-judgment interest, reasonable attorneys' fees and litigations costs, and other compensation.

**WHEREFORE**, Plaintiff Randol Thomas seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

<u>**COUNT II**</u>
**(INVIDUAL AND CLASS CLAIM)**

**Violation of 42 U.S.C. §1981**
**(Asserted by Mr. Thomas and the Class Against Defendant)**

52. Mr. Thomas, re-alleges and incorporates by reference each and every allegation in the previous paragraphs as though fully set forth herein.

53. This Count is brought on behalf of Mr. Thomas and all members of the Class against WS.

54. At all times relevant herein, Mr. Thomas and members of the Class maintained or sought to maintain a contractual relationship with WS (i.e., an employment relationship).

55. At all times relevant herein, WS acted by and through its agents, servants, and employees, to intentionally discriminate against Mr. Thomas and members of the Class on the basis of their skin color, Black, and/or race, African American, and thereby deny Mr. Thomas and the Class the benefits of the contractual relationship they had sought with WS.

56. Mr. Thomas and members of the Class have suffered damages as a direct result of WS's unlawful actions as aforesaid.

**WHEREFORE**, Plaintiff Randol Thomas seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## AD DAMNUM CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mr. Thomas, individually and on behalf of all others similarly situated, respectfully requests that this Honorable Court enter Judgment in their favor and against Defendant San Diego Sign Company, Inc. dba WS Display, as follows:

A. Certify Counts I and II as a class action pursuant to Federal Rule of Civil Procedure 23;

B. Designate Mr. Thomas as representative of the Class;

C. Designate Mr. Thomas's counsel as counsel for the Class;

D. Declare and adjudge that Defendant's employment decisions, policies, practices, and/or procedures challenged herein are harmful and in violation of Title VII and Section 1981;

E. Grant a permanent injunction enjoining Defendant its, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of color and/or race;

F. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with Defendant, from retaliating against employees who oppose practices made unlawful by Title VII and Section 1981;

G. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Black / African American applicants and which eradicate the effects of its past and present unlawful employment practices;

H. Award Mr. Thomas and the members of the Class compensatory damages;

I. Award back pay to Mr. Thomas and the members of the Class, including a sum to compensate Mr. Thomas and the members of the Class for any increased tax liability on a lump-sum award of back pay;

J. Award front pay to Mr. Thomas and the members of the Class, including a sum to compensate Mr. Thomas and the members of the Class for any increased tax liability on a lump-sum award of back pay;

K. Award Mr. Thomas and the members of the Class punitive damages;

L. Any verdict in favor of the Mr. Thomas and the Class is to be molded by the Court to maximize the financial recovery available to Mr. Thomas and the Class in light of the caps on certain damages set forth in applicable law;

M. Award litigation costs and expenses, including, but not limited to, reasonable attorneys' fees, to counsel for Mr. Thomas and the members of the Class;

N. Award Mr. Thomas and the members of the Class pre-judgment and post-judgment interest;

O.  Award Plaintiff Mr. Thomas and the members of the Class any other appropriate equitable relief; and

P.  Award any additional relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated:  February 16, 2023          Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

By: */s/ Larry A. Weisberg*
Larry A. Weisberg (PA BAR ID 83410)
lweisberg@weisbergcummings.com

By: */s/ Derrek W. Cummings*
Derrek W. Cummings (PA BAR ID 83286)
dcummings@weisbergcummings.com

By: */s/ Steve T. Mahan*
Steve T. Mahan (PA BAR ID 313550)
smahan@weisbergcummings.com

By: */s/ Michael J. Bradley*
Michael J. Bradley (PA BAR ID 329880)
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
Telephone:  (717) 238-5707
Facsimile:   (717) 233-8133